UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FREDERICK W. BAUER,

Petitioner,

v.

SAM J. ERVIN, et al.,

Respondents.

Civil No. 01-917 (JRT/JMM)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241.[1] The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it will be recommended that the petition for writ of habeas corpus be SUMMARILY DISMISSED WITHOUT PREJUDICE, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[2]

---

[1] This action was commenced in the U.S. District Court for Eastern District of Virginia, but the matter was transferred to this District because Petitioner is currently incarcerated here in Minnesota. See Rheuark v. Wade, 608 F.2d 304, 305 (8th Cir. 1979) ("[j]urisdiction of a petition for a writ of habeas corpus under 28 U.S.C. § 2241... lies either in the district of physical confinement or in the district in which a custodian against whom the petition is directed is present").

[2] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

FILED JUN 05 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. BACKGROUND

Petitioner is a federal prisoner incarcerated at the Federal Correctional Institution in Waseca, Minnesota. He is serving a sentence imposed by the U.S. District Court for the Western District of Wisconsin, following his 1990 conviction for violating federal drug laws.[3] Petitioner's conviction was upheld by the Seventh Circuit Court of Appeals on direct review. United States v. Bauer, 956 F.2d 693 (7th Cir.), cert. denied, 506 U.S. 882 (1992).

While serving his prison sentence, Petitioner has been an active litigator. He has filed at least two prior actions in this District,[4] and a Westlaw search reveals that he has been active in many other courts as well.[5] It is not clear, however, whether he has previously challenged his 1990 drug law conviction by filing a motion in the trial court pursuant to 28 U.S.C. § 2255.

The instant petition provides only a cursory description of the legal grounds on which it is based. Petitioner vaguely alleges that (a) he has been "denied his unalienable constitutional rights, privileges and immunities, including those under our Bill

---

[3] The petition also refers to a 1989 conviction for making false statements on a federal tax return, and a 1992 "judgment of forfeiture," (Petition, [Docket No. 1], p. (2)), but Petitioner's current incarceration does not appear to be directly related to either of those two cases.

[4] Both of Petitioner's prior actions in this District were § 2241 proceedings – Bauer v. Pitzer, Civil No. 97-2379 (JRT/JMM) and Bauer v. Reno, Civil No. 00-2680 (JRT/JMM). The earlier action (challenging the same conviction at issue here) was summarily dismissed, and the later action (involving a parole eligibility claim) is still pending.

[5] See e.g., In re Bauer, 528 U.S. 16 (1999) (per curiam) (noting that "Bauer has repeatedly abused this Court's certiorari and extraordinary writ processes").

of Rights, by the orchestrated denial of Sixth Amendment rights to counsel interwoven with Due Process of law, et al.;" (b) he was sentenced in violation of the Fourth Circuit's decision in United States v. Sultani, 704 F.2d 132 (4th Cir. 1983) (holding that "magistrates in this circuit should not impose even a suspended jail sentence in any case in which an unrepresented defendant has declined to waive his right to counsel"); and (c) he has recently spent six weeks "in segregation by fraud to obstruct his redress." (Petition, p. (3).)

Although the legal basis for Petitioner's habeas petition is far from clear, it is clear that he is challenging the validity of his 1990 conviction and sentence. Because such a challenge cannot properly be entertained in the present proceedings, it will be recommended that the petition be summarily dismissed.

## II. DISCUSSION

It is well-settled that a federal prisoner normally can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. No court has jurisdiction to hear such a challenge under 28 U.S.C.

§ 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)(per curiam), quoting 28 U.S.C. § 2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(per curiam).

As previously noted, it clearly appears that Petitioner is presently challenging the validity of his 1990 federal criminal conviction and sentence. His petition is therefore subject to § 2255's exclusive remedy rule, which means that it cannot be entertained here, unless he has shown that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his confinement. Because that burden has not been met, the petition must be dismissed.

Petitioner may believe that he should be allowed to challenge his conviction in a § 2241 proceeding, because he may not be eligible for relief under § 2255 at this time. Such reasoning, however, would be only partially correct, at best.

Petitioner may indeed be ineligible for § 2255 relief at this time, because --

(1) his current claims have been procedurally defaulted due to his failure to raise them on direct appeal, (see United States v. Frady, 456 U.S. 152, 164-65 (1982));

(2) he has already filed a previous § 2255 motion and is therefore prohibited by statute from filing another one without pre-authorization from the Seventh Circuit, (see 28 U.S.C. § 2255 [¶ 8]); or

(3) any § 2255 motion that he might now file would be time-barred under the one-year statute of limitations applicable to such motions, (see 28 U.S.C. § 2255 [¶ 6]). However, even if Petitioner is not presently eligible for § 2255 relief for any or all of these

three reasons, that would not mean that the § 2255 remedy has become "inadequate or ineffective to test the legality" of his conviction. The rules pertaining to procedural defaults, successive petitions, and filing deadlines would be rendered meaningless, if any prisoner could evade those rules, by simply contending that they have caused § 2255 to become "inadequate or ineffective," and that he should therefore be allowed to seek relief under § 2241. Congress could not have intended for the procedural restrictions on § 2255 motions to be so easily circumvented.

Thus, it is not surprising that our Court of Appeals has held that § 2255 will not be viewed as an inadequate or ineffective remedy "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." United State v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). Similar decisions have been reached in other circuit courts that have considered this subject. See e.g., U.S. v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999) (a petition under § 2255 cannot become "inadequate or ineffective," thus permitting the use of § 2241, merely because a petitioner cannot meet the requirements for filing a second § 2255 motion), cert. denied, 528 U.S. 1176 (2000); Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) ("the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, [citations omitted], or because the petitioner is procedurally barred from pursuing relief under § 2255, [citations omitted], or because the petitioner has been denied permission to file a second or successive motion to vacate,

[citation omitted]"); In re Vial, 115 F.3d 1192, 1194, n. 5 (4th Cir. 1997) ("the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision... or because an individual is procedurally barred from filing a § 2255 motion").

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis added). Applying this rule here, the Court finds that Petitioner is not eligible for habeas corpus relief under 28 U.S.C. § 2241. He had a reasonable opportunity to raise his current claims for relief on direct appeal and/or in a timely § 2255 motion to the trial court. He cannot now claim that § 2255 is "inadequate or ineffective," simply because he may no longer be eligible for relief under that statute.

In sum, the Court concludes that the instant petition is barred by § 2255's "exclusive remedy" rule. This means that Petitioner can challenge the validity of his conviction or sentence only in a motion brought under § 2255. Because Petitioner cannot raise such challenges in a habeas corpus petition brought under 28 U.S.C. § 2241, this action must be dismissed. It will be recommended, however, that the action be dismissed without prejudice, so that Petitioner will still have the option of seeking § 2255 relief in the trial court if there are legitimate grounds for doing so.

Finally, the Court notes that Petitioner did not pay the $5 filing fee for this action, (see 28 U.S.C. § 1914(a)), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). Because Petitioner has failed to state a habeas corpus claim

on which relief can be granted, his IFP application must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

(1) Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

(2) Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DISMISSED WITHOUT PREJUDICE.

Dated: June 5, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before June 20, 2001, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.