**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

FREDERICK W. BAUER,

Petitioner,

v.

SAM J. ERVIN;
RALPH C. WINTER, JR.; and
BAILEY ALDRICH,

Respondents.

Civil No. 01-917 (JRT/FLN)

**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

---

Petitioner Frederick W. Bauer ("Bauer") has brought an application for a writ of habeas corpus under 28 U.S.C. § 2241, apparently challenging his 1990 conviction in the United States District Court for the Western District of Wisconsin. The Seventh Circuit Court of Appeals upheld Bauer's conviction on direct review, and the Supreme Court denied certiorari. *United States v. Bauer*, 956 F.2d 693 (7th Cir.), *cert. denied*, 506 U.S. 882 (1992).

This matter is now before the Court on Bauer's objections to the Report and Recommendation of United States Magistrate Judge John M Mason, dated June 5, 2001. The Magistrate Judge recommended that Bauer's petition be summarily dismissed without prejudice. The Court has conducted a *de novo* review of Bauer's objections

FILED NOV 1 2 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. NOV 1 2 2002
DEPUTY CLERK

pursuant to 28 U.S.C. § 636 (b)(1)(C) and D. Minn. LR 72.1(c)(2). For the reasons set forth below, the Court adopts the Report and Recommendation of the Magistrate Judge and orders that Bauer's application for habeas corpus relief be dismissed for lack of jurisdiction.

## BACKGROUND

Bauer was convicted in the Western District of Wisconsin for violating federal drug laws, and he is currently incarcerated at the Federal Corrections Institution in Waseca, Minnesota. Bauer originally filed this action in the United States District Court for the Eastern District of Virginia, and that court transferred the motion here, noting that section 2241 petitions must be filed in the district court in the jurisdiction where the prisoner is in custody.

The Magistrate Judge recommended that the petition be summarily dismissed because the petition is barred by 28 U.S.C. § 2255's "exclusive remedy" rule. The Magistrate Judge determined that the grounds of Bauer's petition show that Bauer "is challenging the validity of his 1990 conviction and sentence." (Report and Recommendation at 3). The Magistrate Judge reasoned that such motions cannot be brought under section 2241, but must be raised in a section 2255 motion before the sentencing court.

Bauer "refused for fraud" the Magistrate Judge's Report and Recommendation, and filed extensive objections to it. It is difficult to determine the specific nature of the objections, but petition seems to argue the following: his petition was improperly

transferred to Minnesota from Virginia and the petition should have been transferred to Wisconsin; his petition should be liberally construed, and therefore should not be dismissed on procedural grounds; a Magistrate Judge has no power to rule on a habeas petition, and has no power to sentence a defendant to prison; the Department of Justice and Bureau of Prisons have selectively transferred him in an attempt to prevent him from having his claims heard. Bauer also argues that his original conviction was unconstitutional because he was denied the assistance of counsel, and argues that he was similarly denied the assistance of counsel on his direct appeal.

Bauer brought a similar motion before this Court in 1998. Then, as now, the Court denied Bauer's motion, and found that the Court lacked jurisdiction under section 2255. The Court found, in an order dated May 12, 1998, that Bauer "failed to demonstrate that the remedy provided in 28 U.S.C. § 2255 — which must be presented in the District Court for the Western District of Wisconsin — is inadequate or ineffective to test the legality of his detention." (May 12, 1998 Order at 3). That Order went on to note that "[t]he fact that such a § 2255 motion was denied previously does not mean that it was an ineffective or inadequate procedural devise." Despite the Court's previous Order, it is not clear on this record that petitioner has challenged his 1990 drug law conviction by filing a motion in the trial court pursuant to 28 U.S.C. § 2255.

## ANALYSIS

A prisoner wishing to challenge a federal conviction must generally bring the challenge before the sentencing court under 28 U.S.C. § 2255. *See United States v.*

*Lurie*, 297 F.3d 1075, 1077 (8th Cir. 2000); *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (noting that challenges to imposition of sentence must be brought before the sentencing court under § 2255). There is a narrow exception to the exclusive remedy rule of section 2255. Under this "safety valve," a federal prisoner may challenge the imposition of his sentence under section 2241 only if it appears that the remedy afforded by section 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curium). A petitioner has the burden to establish that his remedy under section 2255 is inadequate or ineffective. *DeSimone*, 805 F.2d at 323.

"Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Charles,* 180 F.3d at 758. Indeed, "more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion." *Lurie*, 207 F.3d at 1077. The Eighth Circuit has held that section 2255 will not be viewed as an inadequate or ineffective remedy "merely because § 2255 relief has already been denied, . . . or because petitioner has been denied permission to file a second or successive § 2255 motion . . . or because petitioner has allowed the one year statute of limitations and/or grace period to expire." *Lurie*, 207 F.3d at 1077 (citations omitted).

Bauer raised nothing in his initial habeas petition, or in his objections to indicate that his petition falls within this narrow "safety valve." Specifically, he did not show that he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion. *See In re: Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Therefore, this Court does not

have jurisdiction to entertain his motion, and accordingly it is dismissed for lack of jurisdiction.

The Magistrate Judge also correctly recommended that Bauer's application to proceed *in forma pauperis* must be denied because Bauer failed to state a habeas claim on which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii).

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket No. 5] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 4]. Accordingly, **IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus [Docket No. 1] is **DISMISSED.**

**IT IS FURTHER HEREBY ORDERED** that petitioner's Application to Proceed *In Forma Pauperis* [Docket No. 2] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: Nov. 11, 2002
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge