**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

FREDERICK WILLIAM BAUER,

Petitioner,

**ORDER**

v.

SAM J. ERVIN, III,
RALPH K. WINTER, JR. and
BAILEY ALDRICH

Civil No. 01-917 (JRT/FLN)

U.S. ATTORNEY GENERAL

Civil No. 02-4067 (JRT/FLN)

JOHN ASHCROFT,
U.S. Attorney General,

Civil No. 02-4068 (JRT/FLN)

U.S. ATTORNEY GENERAL and
AGENT WARDEN'S, et al.

Civil No. 02-4123 (JRT/FLN)

Respondent.

---

Petitioner Frederick W. Bauer ("Bauer") has filed petitions for writs of habeas corpus, pursuant to section 2241, in several district courts throughout the country. Because petitioner is housed in Minnesota, those petitions have been transferred to this Court. Though styled as section 2241 petitions, the court, in each case, determined that petitioner sought to challenge his original conviction and dismissed for lack of jurisdiction. Petitioner now requests that this Court recuse on each of the above listed cases. For the reasons discussed below, petitioner's motion is denied.

FILED MAR - 5 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

(13)

A court should recuse from a matter if the Court's "impartiality might reasonably be questioned." 28 U.S.C. § 455. The Court should recuse if it is shown that the Court has a personal bias or prejudice arising from an extrajudicial source. *Rossbach v. United States,* 878 F.2d 1088, 1089 (8th Cir. 1989) (citing *United States v. Jones,* 801 F.2d 304, 312 (8th Cir. 1986)); *see also, Liteky v. United States*, 510 U.S. 540, 551 (1994) (extrajudicial source is not the only basis for establishing disqualifying bias or prejudice, but is the most common basis). Judicial rulings alone almost never constitute valid basis for bias or partiality motion for disqualification. *Liteky*, 510 U.S. at 555.

In this case, petitioner requests that the Court recuse due to "impartiality, bias, prejudice, indifference . . . and fraud." Petitioner's complaints, however, amount to a disagreement with the Court's rulings — specifically, with the Court's determination that it lacked jurisdiction to hear petitioner's habeas corpus claims. Petitioner's complaints may be appropriate grounds for appeal, but they are not sufficient for recusal. *See Liteky*, 510 U.S. at 555 ("Almost invariably, [judicial rulings] are proper grounds for appeal, not for recusal."). Petitioner has made no showing that the Court was biased because of an extrajudicial source, or that the Court's impartiality might reasonably be questioned. The Court therefore finds no basis to recuse.

**ORDER**

Based on the foregoing, petitioner's submissions, and all of the files, records, and proceedings herein, petitioner's motion for recusal [Civil No. 01-917, Docket No. 12]; [Civil No. 02-4067, Docket No. 10]; [Civil No. 02-4068, Docket No. 9]; [Civil No. 02-4123, Docket No. 10] is **DENIED**.

DATED: March 4, 2003
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge